|   |   |
|---|---|
| | Honorable Timothy W. Dore |
| | Hearing date: July 3, 2019; 9:30 a.m. |
| | Hearing Place: Room 8106, 700 Stewart Street, Seattle, WA 98101 |
| | Responses due by: June 26, 2019; by 4:30 p.m. |

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | ) | Chapter 7 |
|---|---|---|
| | ) | Bankruptcy No. 14-10141 |
| CESAR SANCHEZ-GUZMAN, | ) | |
| f/k/a Cesar Sanchez, f/k/a Cesar Guzman, | ) | TRUSTEE'S MOTION FOR AN ORDER |
| | ) | APPROVING COMPROMISE OF CLAIM |
| Debtor(s). | ) | |
| | ) | |

COMES NOW the trustee, Nancy James, through counsel The Livesey Law Firm, and Rory C. Livesey, and moves this court for an order approving the trustee's compromise of a claim.

The details of the compromise can be summarized as follows:

The debtor filed a Chapter 7 bankruptcy petition on January 9, 2014. He received a discharge and the case was closed on April 21, 2014. The case was reopened on May 31, 2018.

After the case closed the debtor commenced two lawsuits in King County Superior Court against Bryan Singer ("Singer"): the matter of *Cesar Sanchez-Guzman v. Bryan Singer*, filed on December 7, 2017, under case number 17-2-31571-1 SEA, and the matter of *Cesar Sanchez-Guzman v. Bryan Singer*, filed in King County Superior Court on May 7, 2018, under case number 18-2-11577-9 SEA. The two lawsuits (collectively the "King County Actions") assert identical claims for damages arising out of an alleged assault by Singer in 2003. Guzman's claim against Singer was an asset of Guzman's bankruptcy estate upon the date of the filing. However, as the claim was not listed on the debtor's bankruptcy schedules it was not abandoned by operation of law when the case closed. The claim remains an asset of the bankruptcy estate and is subject to administration

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM**
190408hMot   Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-10141-TWD    Doc 46    Filed 06/12/19    Ent. 06/12/19 15:30:14    Pg. 1 of 3

by the trustee. The debtor amended his schedules to list the King County Actions and has claimed exemptions totaling $34,486. There are no objections to the claim of exemption.

Pending approval by the bankruptcy court, the trustee and Singer have entered into a settlement. Under the terms of the settlement Singer will pay to the estate $150,000. Upon payment of the funds to the trustee, the King County Actions will be dismissed with prejudice. Additionally, the parties will enter into a general release of all claims that can be asserted, whether known or unknown. *See* exhibit to Declaration of Nancy James.

The court considers four factors in deciding to approve a settlement. They are (a) the probability of success in resolving the claim; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of resolving the claim and the expense, inconvenience and delay involved; and, (d) the paramount interest of the creditors.

The trustee has determined that this settlement is in the best interest of the estate. With regard to the above factors, the trustee does not believe that there would be any significant difficulty in collecting an ultimate judgment from Singer. Consequently, that element did not factor heavily in the trustee's determination.

As for the first and third factors, the outcome of the King County Actions, if litigation were to continue, is uncertain. The second King County complaint was filed just before the bankruptcy was reopened and no discovery has taken place. As with all litigation, the outcome of the King County Actions cannot be predicted with certainty. Therefore, in recommending this settlement, the Trustee has to engage in some conjecture. In this instance, in addition to the inherent risks of litigation, there is a threshold question regarding the statute of limitations under RCW 4.16.080(2). The alleged assault took place approximately 14 years before the first of the King County Actions was filed in King County. If the claim against Singer is barred by the statute of limitations, there would be no recovery for the estate. Singer asserts that Guzman failed to allege any factual basis in the King County Actions to justify the application of the so-called "delayed discovery" rule under RCW 4.16.340(1)(c). Singer also asserts that if litigation in the King County Actions were to

**TRUSTEE'S MOTION FOR AN ORDER APPROVING COMPROMISE OF CLAIM**
190408hMot   Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-10141-TWD    Doc 46    Filed 06/12/19    Ent. 06/12/19 15:30:14    Pg. 2 of 3

proceed, the evidence would show that Guzman claims to have discovered the extent and cause of his alleged injuries more than a decade ago, after he attained the age of majority. Further, there is no evidence to support the allegation that Singer ever attended a party on a yacht with Guzman – something that Singer denies ever occurred. The trustee has determined that those issues favor settlement.

The final element, the paramount interest of creditors, strongly supports the settlement. The claims filed in this case total just under $61,000. The settlement should provide sufficient funds to pay the debtor's exemption, the costs of administration and the claims in full. There should be at least nominal funds being returned to the debtor as surplus at the end of the case. Moreover, almost the entirety of the creditor claims are made up of student loans. The student loans are not covered by the debtor's discharge. The settlement will relieve the debtor of a significant nondischargeable debt.

As part of the settlement, the parties are to dismiss the King County Actions with prejudice. Towards that end the trustee is requesting authority to substitute in as the plaintiff in the King County Actions.

WHEREFORE, the trustee prays for an order approving the compromise with Bryan Singer.

RESPECTFULLY SUBMITTED this 12th day of June, 2019.

THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*

Rory C. Livesey, WSBA #17601
Attorney for Trustee

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM**
190408hMot   Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-10141-TWD    Doc 46    Filed 06/12/19    Ent. 06/12/19 15:30:14    Pg. 3 of 3